UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PROVIDENT CREDIT UNION

        Plaintiff,

    v.

ALFREDO J. CHAVIRA, as an Individual and as Trustee of the Alfredo J. Chavira Living Trust dated 6/11/2003,

        Defendant.
_____/

No. C 11-1643 PJH

**ORDER GRANTING MOTION TO REMAND**

        Before the court is the motion of plaintiff Provident Credit Union ("Provident") for an order remanding the above-entitled action to the Superior Court of California, County of Alameda, and motion for attorney's fees.

        A defendant may remove a civil action filed in state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441. A plaintiff may seek to have a case remanded to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, so as to limit removal jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (doubts as to removability are resolved in favor of remanding case to state court).

        Subject matter jurisdiction is fundamental and cannot be waived. Billingsly v. C.I.R., 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts can adjudicate only those cases which the Constitution and Congress authorize them to adjudicate – those involving diversity of citizenship or a federal question, or those to which the United States is a party.

See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).  The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).  The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

The complaint at issue, which was filed in Alameda County Superior Court on February 8, 2011, alleges a single cause of action under state law, for unlawful detainer following a non-judicial foreclosure sale in November 2010.  The complaint further alleges that on January 18, 2011, after being unable to personally serve defendant Alfredo J. Chavira, as an Individual and as Trustee of the Alfredo J. Chavira Living Trust Dated 6/11/2003, either at home or at his place of business, Provident posted, in a conspicuous place on the property, a written notice requiring defendant and all others in possession of the property to deliver up possession of the property within three days after service of said notice, and also mailed a copy of the notice to defendant.

The caption of the complaint states, "Damages: Principal $0.00, Daily Damages $90.00 per day," and "[a]mount in controversy does not exceed $2,500."  In the prayer for relief, Provident seeks "[r]estitution of the [p]roperty," damages at the rate of $90.00 per day for each day that defendant remains in possession of the property, costs, attorney's fees, and "further relief as is proper."

On April 5, 2011, defendant filed a notice of removal, asserting federal question jurisdiction.  Defendant alleges that federal question jurisdiction exists because his answer, "a pleading, depend[s] on the determination of [d]efendants' rights and [p]laintiff's duties under federal law."

In the present motion, Provident argues that removal was untimely, and that defendant has not met his burden of establishing that this court has federal question jurisdiction.  Provident asserts that because the existence of federal question jurisdiction depends on the claims for relief asserted in the complaint, and because the complaint in this action alleges only a single cause of action for unlawful detainer, seeking possession of

the subject property, no question of federal law exists.

Under 28 U.S.C. § 1447(c), the district court is <u>required</u> to remand state law claims where the court lacks removal jurisdiction – that is, where there is no federal question or diversity jurisdiction. <u>Albingia Versicherungs A.G. v. Schenker Int'l, Inc.</u>, 344 F.3d 931, 936 (9th Cir. 2003). Subject matter jurisdiction is fundamental and cannot be waived. <u>Billingsly v. C.I.R.</u>, 868 F.2d 1081, 1085 (9th Cir. 1989). Federal courts have no power to consider claims for which they lack subject-matter jurisdiction. <u>See</u> <u>Chen-Cheng Wang</u> ex rel. <u>United States v. FMC Corp.</u>, 975 F.2d 1412, 1415 (9th Cir. 1992).

In ruling on a motion to remand for lack of subject matter jurisdiction, the court looks only to the face of the complaint. <u>See</u> <u>Toumajian v. Frailey</u>, 135 F.3d 648, 653 n.2 (9th Cir. 1998); <u>see also</u> <u>Harris v. Bankers Life and Cas. Co.</u>, 425 F.3d 689, 692-93 (9th Cir. 2005). Here, the court finds no federal question pled in the unlawful detainer action. Nor does the amount in controversy in the unlawful detainer action exceed $75,000. Accordingly, as the court lacks subject matter jurisdiction, it is ORDERED that this case be remanded to the Alameda County Superior Court.

The date for the hearing on the motion, previously set for Wednesday, June 22, 2011, is VACATED. The request for attorney's fees is DENIED.

Provident also asks this court to "validate" the judgment of the Alameda County Superior Court. The court declines to enter such an order, finding it irrelevant to the question whether this court has subject matter jurisdiction over the case.

**IT IS SO ORDERED.**

Dated: April 11, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge